Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff

HUNTER KERHART

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER KERHART, | Civil Action No. 2:24-at-261 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| GLASSFAB TEMPERING SERVICES INC., | |
| Defendant. | |

Plaintiff Hunter Kerhart ("Plaintiff") sues defendant GlassFab Tempering Services Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of California.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1448 Mariana Court, Tracy, CA 95376. Defendant's agent for service of process is Surinderpal Singh Bains, 1448 Mariana Court, Tracy, CA 95376.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

# FACTS

## I. Plaintiff's Business

6. Plaintiff is an architectural photographer specializing in high-end imagery of high-rises, interiors, and landscape architecture (see https://hunterkerhart.com/).

7. Plaintiff's career began in the film industry when he stumbled upon an archive of historic Los Angeles images and become obsessed with rediscovering – then later recreating – these iconic shots.

8. Plaintiff is certified by the Association of Independent Architectural Photographers (AIAP) and the Professional Aerial Photographers Association (PAPA).

## II. The Work at Issue in this Lawsuit

9. In 2020, Plaintiff took a professional photograph of the Kaiser Permanente Bernard J. Tyson School of Medicine building titled "20200426_HK37097" (the "Work"). A copy of the Work is displayed below:



10. The Work was registered by Plaintiff with the Register of Copyrights on April 18, 2022 and was assigned Registration No. VA 2-300-234. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

II. **Defendant's Unlawful Activities**

12. Defendant is a glass fabrication and glass tempering service company.

13. Defendant advertises/markets its business through its website (https://www.glassfabusa.com) and other forms of advertising.

14. In January 2023 (after Plaintiff's above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at https://glassfabusa.com/portfolio/):



15. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, or for any other purpose.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work

on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through his ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in April 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

20. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social

media.

25. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

27. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2023 GlassFab"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell

asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in

active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

DATED: March 4, 2024.    **COPYCAT LEGAL PLLC**

By: <u>/s/ Lauren M. Hausman</u>
Lauren M. Hausman, Esq.
Attorney for Plaintiff
Hunter Kerhart